Robert C. Montgomery, Esq.
Idaho SBN: 1793
2160 S. Twin Rapid Way
Boise, ID 83709
Ph: (208) 322-8865
Fax: (208) 322-8395
bmontgomerylaw@gmail.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**
**SOUTHERN DIVISION**

| | |
|---|---|
| DAVID WILHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (**Unlawful Debt Collection Practices**) |
| GC SERVICES, LP ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

DAVID WILHITE ("Plaintiff"), through attorney, ROBERT C. MONTGOMERY, alleges the following against GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Idaho establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Eagle, Ada County, Idaho.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacts Plaintiff attempting to collect a debt on behalf American Express.

12. The alleged debt arises from transactions that were for personal, family and household purposes.

13. Around the end of December 2012 or beginning of January 2013, Defendant started placing telephone calls to Plaintiff at his place of residence, (208) 939-68xx, in its connection with its collection attempts.

14. When Plaintiff was not able to answer Defendant's collection calls, Defendant left a voice message.

15. On or about January 26, 2013, Defendant called and left a message for Plaintiff. *See* transcribed voice message, attached hereto as Exhibit A.

16.     Defendant addresses its message to Plaintiff, identifies the individual agent's name as Francisco Solo, and asks Plaintiff to call back to (800) 846-6406, which is a telephone number assigned to Defendant.  *See* Exhibit A.

17.     However, Defendant never identified its business name in its message.  *See* Exhibit A.

18.     Defendant also failed to inform Plaintiff that it is a debt collector in its message.  *See* Exhibit A.

19.     Defendant does not provide Plaintiff with any additional information in its message to inform Plaintiff that the true nature and purpose of its call was about a debt.  *See* Exhibit A.

20.     Defendant uses deceptive and misleading collection practices in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

21.     Defendant violated the FDCPA based on, but not limited to, the following:

   a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   b.  Defendant violated §1692d(6) of the FDCPA through the placement of calls without meaningful disclosure of the caller's identity;

   c.  Defendant violated § 1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt; and

   d.  Defendant violated §1692e(11) of the FDCPA through the failure to state in communications with a consumer in connection with the collection of a debt that the communication is from a debt collector and that any information obtained will be used for that purpose.

WHEREFORE, Plaintiff, DAVID WILHITE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

  22.  Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

  23.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

  24.  Any other relief this Court deems appropriate.

DATED: April 2, 2013    RESPECTFULLY SUBMITTED,

            By: /s/Robert C. Montgomery_____

            Robert C. Montgomery, Esq.
            Idaho SBN: 1793
            2160 S. Twin Rapid Way
            Boise, ID 83709
            Ph: (208) 322-8865
            Fax: (208) 322-8395
            bmontgomerylaw@gmail.com
            Attorneys for Plaintiff